In the Matter of Supplementary Proceedings: Louis Goldberg, Appellant, v. Frank Brown and Wanda Winkiel, Copartners, Trading under the Firm Name and Style of Frank Brown, Respondents.— The decision of this court handed down on November 22, 1929,* is hereby amended to read as follows: Order denying motion to extend receivership and to direct payment of judgment affirmed. No opinion. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

In the Matter of the Petition of James J. Fox to Prove the Last Will and Testament of Sadie F. Morgan, Late of the County of Kings, Deceased. James J. Fox, Appellant; Ruth Morgan Bauer, by A. H. Bauer, as Special Guardian, Respondent.— Decree of the Surrogate's Court of Kings county unanimously affirmed, with costs to the proponent and the contestant, payable out of the estate. No opinion. Present — Lazansky, P. J., Rich, Kapper, Seeger and Scudder, JJ.

In the Matter of the Application of Silvio A. Lanza, Respondent, for an Order of Mandamus against George J. Ryan, as President, and Others, as Members of the Board of Education of the City of New York, and Others, Appellants.†— Upon reargument,‡ peremptory order reversed upon the law and the facts, without costs, and motion granted to the extent of directing that an alternative mandamus order issue, without costs. The court is of opinion that the by-law of August 8, 1928, passed after the examination had been held, was unauthorized as subversive of the spirit of the Civil Service Law because of its discriminatory character. Lazansky, P. J., Young, Seeger, Carswell and Scudder, JJ., concur.

In the Matter of the Application of Morris Schwartz, Respondent, for a Mandamus Order against Walter C. Martin, Commissioner of the Tenement House Department of the City of New York, and Edward Vaczy, Second Deputy Commissioner, in Charge of the Tenement House Department in the Borough of Brooklyn, Appellants.— Order, as resettled, granting application for peremptory mandamus order, reversed upon the law and the facts, with ten dollars costs and disbursements, and application denied, with fifty dollars costs. We are of the opinion that the erection of the proposed garage on the rear of the lot upon which the tenement house now stands would be a violation of the provisions of sections 52 and 61 of the Tenement House Law. It would violate section 52 of the Tenement House Law, § in it would diminish the yard space or area at the rear of the tenement house. It would violate section 61 of the Tenement House Law, in that (1) the front wall of said proposed garage building would be less than twenty-one feet, six and one-half inches from the rear wall of the said tenement house; and (2) the yard which now extends across the entire width of the lot to a depth of twenty-one feet, six and one-half inches would be decreased in size. The lot not only includes that portion on which the tenement house is erected and now stands, but also that portion which includes the court. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

---

* See 227 App. Div. 815.— [Rep. † Affd., 253 N. Y. 581.